**UNITED STATES of America, Plaintiff,**

v.

**Lawrence ENTWISLE, Defendant.**

**Crim. No. 85–0056–C.**

United States District Court,
D. Massachusetts.

April 12, 1985.

Peter Mullin, AUSA, for United States.

Roger Witkin, Boston, Mass., for defendant.

## MEMORANDUM AND ORDER

CAFFREY, Chief Judge.

This is a criminal case in which defendant Lawrence Entwisle has been indicted on several counts of perjury relating to grand jury testimony which he gave in 1981. The allegedly perjurious testimony concerns whether he received certain medical treatment for which he and insurance companies were billed subsequent to a 1978 motor vehicle accident. He was not indicted on the perjury charge until February of 1985. The matter is now before the Court on the defendant's motion to dismiss for preindictment delay.

On April 10, 1985 the Court held a hearing and heard testimony, which was followed by oral argument concerning the motion. The substance of Entwisle's claim is that the preindictment delay prejudiced him in two respects: (1) that at all times relevant to his grand jury testimony and until April of 1984 he was an acute alcoholic and consequently has no memory of the accident, his medical treatment, or his grand jury testimony; and (2) that key government witnesses have changed their testimony in material aspects detrimental to the defendant.

Testimony by Entwisle and Ms. Mimi Quinlan, who is a chemical addiction spe-

cialist and a treating therapist at the New England Memorial Hospital, establish that Entwisle was an alcoholic from his early teens until April, 1984, when he underwent a period of hospitalization and treatment. With regard to the time period from 1978 to 1984, he testified that he experienced alcoholic "blackouts" and has substantially no memory of the accident, the medical treatment or the substance of his grand jury testimony. Entwisle also testified that he does not know whether, in 1981, he had any recollection of the previous events which were the subject of his grand jury testimony.

No testimony was offered relative to the defendants second claim. At the hearing, the government advised the Court that it only recently received the cooperation of two witnesses who were themselves defendants in an earlier related mail fraud prosecution. Doctor Stephen Hershenow agreed to testify for the government in May of 1983 and Dr. Stuart Rosenthal agreed to cooperate as late as November of 1984. The government stated that it believed the testimony of both doctors was required for a successful prosecution of the instant case. Thus the real delay herein was only from November 1984 to January 1985.

▮▮ In some limited circumstances, excessive pre-indictment delay may violate a defendant's Fifth Amendment due process rights. *United States v. Lovasco*, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977). A defendant making such a claim "bears the heavy burden of showing that the delay in the indictment caused him *actual* prejudice *and* that the delay was undertaken by the government solely to gain tactical advantage over the accused." *United States v. Marler*, 756 F.2d 206, (1st Cir.1985).

▮▮ Defendant Entwisle's claim regarding his alcoholism and memory loss falls far short of meeting this burden. Entwisle failed to present any evidence that he would have been in a better position to defend himself in 1981 or 1982 than in 1985, i.e. that his memory loss is any more

a result of the delay than of his alcoholism at the time. If one finds Entwisle's testimony to be credible, it follows that he would have had no better memory of these events even if he were indicted immediately. If his testimony as to memory loss is not to be believed, Entwisle has no basis for his claim. Either way, the evidence proves nothing material to his due process claim. In short, Entwisle has failed to show any prejudice due to the delay. Furthermore the defendant has failed to produce even a scintilla of evidence that the government caused the delay to obtain a tactical advantage. Quite to the contrary, the government delay was occasioned by the need to obtain the cooperation of Dr. Hershenow and Dr. Rosenthal. Dr. Rosenthal, himself, subsequent to his mail fraud conviction, was indicted for perjury on September 26, 1984. After he plead guilty to this perjury indictment on November 20, 1984 and was sentenced on December 21, 1984, he then agreed to testify truthfully as a government witness.

▮▮ With regard to Entwisle's second claim, it is clear that the motion must fail for several reasons. Initially, the defendant has failed to produce any evidence as to changes in the relevant testimony. Assuming that material changes did occur, there is no indication that the *delay* caused "actual impairment of witnesses' recollections." *Marler*, at 214. Rather, any alteration in testimony is likely the product of changed circumstances or agreements between the government and witnesses. The due process rule propounded in *Marler* is designed to protect defendants from conviction by the testimony of prosecution or defense witnesses whose memories are severely flawed by the passage of time. *Id.* Where testimony changes due to other reasons, such as an agreement between the government and a witness, the adversary process is adequate to protect the defendant's rights. *See United States v. Dailey*, 759 F.2d 192, (1st Cir.1985). As to the second prong of the *Marler* test, I again note that there is no evidence whatsoever

that the government delayed the indictment to gain a tactical advantage.

Accordingly, it is ORDERED:

That defendant Entwisle's motion to dismiss should be, and, hereby is denied.